IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICKEY JONES,                          )
                                       )
            Plaintiff,                 )
v.                                     ) Case No. 17-1219-JTM-KGG
                                       )
OFFICEMAX NORTH AMERICA, INC.,         )
et al.,                                )
                                       )
            Defendants.                )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO QUASH AND MOTION TO COMPEL

Now before the Court are Defendants' "Motion to Quash Subpoenas, for a Protective Order, and Extension of Time" (Doc. 37) and Plaintiff's "Motion to Compel, Motion for Protective Order" (Doc. 39). Having reviewed the submissions of the parties, and having heard the parties argue their positions at hearing, Plaintiff's motion (Doc. 39) is **GRANTED in part** and **DENIED in part**, without prejudice. Defendants' motion (Doc. 37) is **DENIED without prejudice**.

## FACTS

This is a premises liability action in which Plaintiff alleges she was injured while attempting to exit through the automatic doors of an OfficeMax store. The

1

case was originally filed in the District Court of Reno County, Kansas, but was removed to the District of Kansas by Defendants. (Doc. 1.)

Plaintiff indicates that her Motion to Compel is a result of

> Defendants' refusal to provide documents responsive to Plaintiff's Request for Production, refusal to allow Plaintiff to depose former OfficeMax employees despite defense counsel's agreement to produce the same for depositions, and refusal to allow Plaintiff to depose employees of the company which performed maintenance and repair work on the subject automatic doors.

(Doc. 40, at 1-2.) Defendants characterize their motion as a request to

> quash any and all subpoenas issued to OfficeMax employee-witnesses for deposition, for a protective order protecting OfficeMax from producing its employee-witnesses for deposition prior to Plaintiff's deposition, and for extensions of time to respond to Plaintiff's settlement demand, attend mediation, and complete any physical or mental examination pursuant to Fed. R. Civ. P. 35.

(Doc. 37, at 1.)

The Court held a hearing on January 23, 2018, during which these issues were addressed and argued. As a result of the hearing, the parties were able to resolve all outstanding issues except the issue of whether witness statements and

incident reports compiled by Defendants are protected by the attorney work product doctrine.[1]

## ANALYSIS

Plaintiff's counsel has refused to make Plaintiff and her husband available for depositions until Defendants first produce a one-page incident report and one-page witness statement regarding the slip and fall incident at issue in this lawsuit. (See Doc. 37, at 8.) According to Defendants, "[t]here is no need for Plaintiff to have the disputed documents before being produced for deposition." (*Id*.) Defendants continue that

> [o]pposing counsel's contention that [Plaintiff] cannot be produced for deposition without having reviewed these documents indicates that she wants to 'prepare' for her deposition by reading and considering what someone else wrote before she can give testimony. Defendants believe that Plaintiff can give truthful testimony without first reading what other people have to say.

(*Id*., at 8-9.)

Plaintiff argues that Defendants "have not asserted any valid recognized legal privilege related to the incident report, witness statements, and inspection and maintenance records." (Doc. 40, at 11.) Plaintiff continues that

> Defendants propose to produce these relevant records only after Defendants have deposed Mrs. Jones and her husband. This condition on discovery is not set forth

---

[1] As such, all other portions of the parties' motions, including the entirety of Defendants' motion, are **DENIED without prejudice**.

> anywhere in the Federal Rules of Civil Procedure. Rather, the Federal Rules of Civil Procedure are designed to promote the 'just, speedy, and inexpensive determination of every action and proceeding.' Fed.R.Civ.P. 1.  Defendants holding the Plaintiff hostage by refusing to respond to discovery until after Defendants have conducted discovery is directly contrary to the fundamental purpose of the Federal Rules.

(*Id*.)

Notwithstanding the since-resolved scheduling issues, the substantive issue before the Court is whether the incident report and/or witness statement qualify for protection from discovery under the attorney work product doctrine.

> 'To establish the applicability of the work product privilege, [the withholding party] must show the following elements: '(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.'' ***U.S. Fire Ins. Co. v. Bunge North America, Inc.***, No. 05–2192–JWL–DJW, 2008 WL 2548129, at *5 (D.Kan. June 23, 2008) (quoting ***Johnson v. Gmeinder***, 191 F.R.D. 638, 643 (D.Kan.2000) (citations omitted)).

***Olson v. Shawnee County Bd. of Comm'rs***, No. 12-2084-JTM-KGG, 2013 WL 1151481, at *3 (D. Kan. March 20, 2013).

Defendants argue that "[a]lthough Plaintiff has repeatedly demanded production" of the incident report and witness statement, "she provided no argument or authority in support of her contention that the . . . documents are not subject to the work product immunity during any of the parties' multiple

4

exchanges . . . prior to the filing of her Motion to Compel." (Doc. 48, at 3.) The Court finds this argument to be misplaced. "The party asserting immunity from discovery carries the burden of showing that all elements of the work product doctrine exist." ***Frederick v. Swift Transport. Co., Inc.***, No 06-1332-MLB-KMH, 2007 WL 2265504, at *1 (D. Kan. Aug. 6, 2007) (citing ***McCoo v. Denny's, Inc.***, 192 F.R.D. 675, 683, (D.Kan .2000)).

In their response to Plaintiff's motion, Defendants for the first time provide a substantive discussion of the application of the work product doctrine to the documents at issue. The first element – that the materials are documents or tangible things – is not disputed. The Court thus must analyze the remaining two elements: that the documents were prepared in anticipation of litigation or for trial and that they were prepared by or for a party or a representative of that party. ***U.S. Fire Ins. Co.***, 2008 WL 2548129, at *5.

In the context of whether the documents were prepared in anticipation of litigation, Defendants contend that within one to three days of the incident at issue ("between August 27 and August 29, 2015"), "a member of Plaintiff's family contacted the OfficeMax store in Hutchinson, Kansas . . . to report that Plaintiff had fractured her hip, and inquire about the name of OfficeMax's insurance carrier and a claim number." (Doc. 48, at 7.) According to Defendants, "[t]his request provided notice to Defendants of potential or threatened litigation." (*Id*.)

5

According to Defendants, however, neither the witness statement nor incident report are dated. (*Id*.) For purposes of this motion, Defendants cannot establish that a call from Plaintiff's family gave them a "reasonable anticipation of litigation" prior to the creation of these documents.

Defendants also argue that they "reasonably could have anticipated litigation as early as the day the incident occurred because of "Plaintiff's age and the apparent nature of her injury immediately after she fell . . . ." (*Id*.) Not every document generated, created, or forwarded to a claims or legal department resulting from an injury accident automatically qualifies for work product protection. *See* **Frederick**, 2007 WL 2265504, at *1 (holding that an *in camera* review of the documents at issue therein revealed "the relatively normal business practice of gathering and preparing basic information concerning the driver and the truck which would occur with any vehicle accident and/or insurance claim"). Stated another way, the mere expectation of an insurance claim does not establish that a document was created in anticipation of litigation.

Finally, Defendants have agreed to "produce these documents immediately following Plaintiff's deposition, despite their position that these documents are subject to the work product immunity and despite Plaintiff's refusal to provide authority in support of her position that these documents are discoverable." (Doc. 48, at 4.) Although the burden to establish the protection is on Defendants – not

6

Plaintiff – Plaintiff has provided "authority" in support of her position in her briefing to the Court on this issue. (*See* Doc. 8-10.) Because Defendants have agreed to produce the documents, this truly boils down to an issue of scheduling. Although Plaintiff is not entitled to receive the documents before her deposition, neither are Defendants entitled to withhold the documents until Plaintiff can be deposed. The Court orders these documents produced by the Defendants prior to Plaintiff's deposition.

Defendants have failed to establish that these documents were prepared in anticipation of litigation as opposed to in the ordinary course of business. Defendants' objection is **overruled**. This portion of Plaintiff's motion (Doc. 39) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel, Motion for Protectie Order" (Doc. 39) is **GRANTED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Quash Subpoenas, for a Protective Order, and Extension of Time" (Doc. 37) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated this 13th day of February, 2018, at Wichita, Kansas.

7

S/K<small>ENNETH</small> G. G<small>ALE</small>
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE