# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICKEY JONES,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC.,<br>et al.,<br><br>        Defendants. | Case No. 17-1219-JTM-KGG |

**MEMORANDUM & ORDER ON
MOTION TO COMPEL PAYMNET OF
<u>REASONABLE EXPERT WITNESS FEES</u>**

Now before the Court is Plaintiff's "Motion to Compel Payment of Reasonable Expert Witness Fees." (Doc. 88.) Having reviewed the submissions of the parties, and having heard the parties argue their positions at hearing, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## <u>FACTS</u>

This is a premises liability action in which Plaintiff alleges she was injured while attempting to exit through the automatic doors of an OfficeMax store. The case was originally filed in the District Court of Reno County, Kansas, but was removed to the District of Kansas by Defendants. (Doc. 1.)

1

Plaintiff brings the present motion to compel Defendants to pay Dr. Lynne Fernandez "for her reasonable preparation time and for other fees associated with her deposition of May 14, 2018, pursuant to the Federal Rules of Civil Procedure." (Doc. 89, at 1.) Dr. Lynne was designated as an expert regarding Plaintiff's future medical and economic needs in December 2017. (Doc. 44.) Defendants deposed Dr. Lynne in May 2018 from 8:00 a.m. until 12:26 p.m. (Doc. 89-2.)

Defendants summarized the invoices they received for Dr. Fernandez's time relating to the depositions:

> The first invoice, dated May 15, 2018 totals $5,325.00. It includes $4,950.00 – 8.25 hours at a rate of $600 per hour – for 'Deposition Preparation Time,' and $375.00 – 0.5 hours at a rate of $750 per hour – for 'LCP Additional time sworn testimony.' The second invoice, dated June 26, 2018 totals $1,350.00 – 2.25 hours of 'Additional Record Review: Deposition Transcript' at an hourly rate of $600 per hour.

(Doc. 90, at 2.) Defendant continues that "[a]s to the review of her deposition transcript, Dr. Fernandez spent 2.25 hours reviewing her transcript and making changes on the errata sheet, but she failed to submit her errata pages within the time specified by Fed. R. Civ. P. 30(e), and therefore her changes were not accepted." (*Id.*, citing Doc. 90-2.)

According to Plaintiff, during communication regarding this dispute, Defendants indicated that they are "only obligated to pay Dr. Fernandez for reasonable preparation time. Without any explanation, Defense counsel then

2

summarily described Dr. Fernandez' invoice of 8.25 hours at the rate of $600 per hour as 'not reasonable.'"  (Doc. 89, at 2-3; Doc. 89-4.)  Defendants indicated that they would be willing to pay for one hour of Dr. Fernandez's preparation time.  (Doc. 89-4.)  Plaintiff responded that Dr. Fernandez would have been unprepared for the deposition "had she spent only one hour readying herself for the deposition."  (Doc. 89.)

## ANALYSIS

Pursuant to Fed.R.Civ.P. 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  The Rule also states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery:  (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."  Fed.R.Civ.P. 26(b)(4)(E)(i).  Courts have interpreted the phrase "time spent in responding to discovery" to include the "expert's reasonable time in preparation for the deposition."  ***Monsour's Inc. v. Menu Maker Foods, Inc.***, No. 05-1204-MLB, 2007 WL 437780, at *1-2 (D. Kan. Feb. 6, 2007).

Defendants argue that "the hourly rate charged by Dr. Fernandez and the amount of time she spent preparing for her deposition are unreasonable."  (Doc. 90, at 2.)  Thus, the issue before the Court is to determine what is "reasonable" in the context of the amount of time spent and the rate charged.

**A.    Hourly Rate.**

Defendants argue that it was unreasonable for Dr. Fernandez to charge $600 per hour for the 8.25 hours she spent preparing for her deposition. Defendants contend that Dr. Fernandez was paid a flat rate for her expert report, and given the amount of time she contends she spent preparing the report, she was paid less than $300 an hour to prepare that report. (Doc. 90, at 7-8.)

The fact remains, however, that Plaintiff's expert witness designation "included a detailed fee schedule describing Dr. Fernandez's various charges" which "clearly provided that [her] 'Preparation Time' would be billed at $600 per hour." (Doc. 89, at 5; Doc. 89-6.) Defendants were provided with this information well in advance of Dr. Fernandez's deposition. (Doc. 89-6.) Plaintiff argues that

> [i]f Defendants objected to paying Dr. Fernandez at the rate identified in her fee schedule, it was incumbent upon them to raise this issue before her deposition. Defendants cannot balk at having to compensate Dr. Fernandez at the rate of $600 per hour when they were fully apprised of this rate well in advance of her deposition.

(Doc. 89, at 5-6.)

The undersigned Magistrate Judge reached the same conclusion when a similar issue was previously presented to the Court. In the case of ***Burdette v. VirIndustries, Inc.***, the defendant did not dispute six hours of deposition preparation time for the plaintiff's expert. No. 10-1083-JAR-KGG, 2011 WL 6372875, at *2 (D. Kan. Dec. 20, 2011). The defendant did, however, "balk[s] at

4

paying this [preparation] time at the same rate paid for deposition time of $425 per hour." *Id*. The undersigned Magistrate Judge acknowledged that a court "may set a reduced rate for deposition preparation in some cases." *Id*. The Court found, however, that a reduction in the hourly rate was not appropriate because

> the Rule 26(a) disclosures warned of the application of the full rate for 'activities as an expert witness.' Defendant should clarify that intended charge, or seek relief from the Court before the deposition, to contend that a different charge should apply.

*Id*.

Similarly, Defendants in this case made no effort to object to Dr. Fernandez's hourly rate for preparation until after the deposition had occurred and they were presented with an invoice for her time. Defendants were fully apprised of this rate before Dr. Fernandez engaged in these activities. To retroactively contend that the rate was someone unreasonable is improper. As such, this portion of Plaintiff's motion is **GRANTED**.[1]

**B.   Amount of Time Billed.**

Defendants also contend that the 8.25 hours Dr. Fernandez spent preparing for her deposition was unreasonable. Defendants first argue that this amount of

---

[1] The Court notes that Defendants have agreed to pay Dr. Fernandez for the additional half hour of deposition time, in accordance with her fee schedule which clearly indicated that she was to be compensated a set amount for a half day of in-office sworn deposition testimony. (Doc. 89-6; Doc. 90, at 10.) It is undisputed that the deposition at issue went a half hour beyond the allotted time.

preparation is unjustified when the deposition occurred "only five months after she prepared her [expert] report… ." (Doc. 90, at 5.)  This argument is unpersuasive. "The Court anticipates that matters other than this lawsuit occupied [Dr. Fernandez's] mind in the months between the finalization of [her] report and [her] deposition." *Monsour's Inc.*, 2007 WL 437780, at *2.

Defendants continue that "this case does not raise complex questions related to medical causation on which an expert may be retained to provide opinions." (*Id*., at 5-6.)  Defendants argue that this is merely a premises liability case and "Dr. Fernandez was retained to opine only regarding what future medical expenses, if any, Mrs. Jones will purportedly require relative to an uncomplicated left hip fracture that healed without issue." (*Id*., at 6.)  Further, Defendants point out that no additional documents were provided to Dr. Fernandez in the time between when she provided her report and was deposed and Defendants had not even submitted their expert witness reports.  (*Id*.)  That stated, it is undisputed that Dr. Fernandez was provided with "several thousand pages" of Plaintiff's medical records.  (Doc. 93-1, at 2.)

Courts in this District have acknowledged a "a general rule" that it is inappropriate "to second-guess the amount of time it takes an expert to prepare for a deposition." *Nelson v. Calvin*, No. 01-2021-CM, 2002 WL 1071937, at *1 (D. Kan. May 7, 2002).  Plaintiff points out that Defendants did not ask Dr. Fernandez

6

in her deposition what her preparation entailed.  (Doc. 93, at 2.)  Plaintiff thus argues that "Defendants' assertion about how Dr. Fernandez spent her preparation time is thus purely conjectural and insufficient to overcome the very sensible general rule set forth above."  (*Id.*)  The Court agrees.

As such, the Court finds that it will not second guess the 8.25 hours spent by Dr. Fernandez to prepare for her deposition.  Given the evidence presented, this amount of preparation was not unreasonable.  The Court **GRANTS** this portion of Plaintiff's motion.

Defendants were also billed for the 2.25 hours Dr. Fernandez spent reviewing her deposition transcript and making changes to the errata sheet.  Defendants have objected to paying for this review, however, because Dr. Fernandez "failed to submit her errata pages within the time specified by Fed. R. Civ. P. 30(e), and therefore her changes were not accepted."  (Doc. 90, at 2 (citing Doc. 90-2.)  Further, Defendants did not request that Dr. Fernandez review her deposition transcript.  Rather, she chose to do so herself.  (*Id.*, at 11.)  The Court agrees with Defendant that this is not compensable.  This portion of Plaintiff's motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel Payment of Reasonable Expert Witness Fees" (Doc. 88) is **GRANTED in part** as

more fully set forth above.   Defendants are instructed to pay Dr. Fernandez for the 8.25 hours of deposition preparation at the rate of $600 for a total of $4,950.00. Defendants shall provide payment **within two weeks of the date of this Order**.

IT IS SO ORDERED.

Dated this 14th day of December, 2018, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE
